# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SALUD NATURAL ENTREPRENEUR, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUTRICENTO INTERNACIONAL, INC., et al., <br><br> Defendants. | No. 09 C 4417 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Defendant Azteca Productos, Inc., moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction in the forum state of Illinois. I find that, based on the sum total of their conduct in the litigation, they have waived that defense and have submitted to jurisdiction here.

## I. BACKGROUND

Plaintiff Salud Natural Entrepeneur, Inc. ("Salud") sells herbal and dietary supplements. On July 22, 2009, they brought against multiple competitors, including Azteca Productos, Inc., ("API") for trade dress infringement.

On October 26, 2009, API filed an answer, with counterclaims, making no mention of a lack of personal jurisdiction. That filing was made, however, not by a lawyer but by an officer of API, a Mr. Carlos Vasquez. Mr. Vasquez billed himself as "Defendant Pro Se," though he is not a named defendant and the content of the answer and counterclaims indicates that he was plainly attempting to speak for API. Salud filed its answer to API's attempted counterclaims on November 10, 2009.

On November 17, 2009, Salud, API, and other defendants met and conferred in accordance with Rule 26(f). This time, API was represented by counsel, a Mr. Anatole Selivra from the law office of Anatole Selivra in Ledera Ranch, California. The parties - including API as represented by counsel - jointly submitted their report of the conference on December 8, 2009. No mention is made in that submission of API's objection to personal jurisdiction in Illinois, and Salud claims that Mr. Selivra said he would file his appearance in the matter soon after the conference. He has never done so and apparently has taken no further actions on API's behalf.

After the December discovery conference, the non-API defendants and Salud entered into settlement discussions. Magistrate Judge Schenkier held a settlement conference and the parties reached an agreement on January 14, 2010.[1] Left as the sole defendant in the case, API's next move came on February 23, 2010 with a motion to dismiss for lack of personal jurisdiction or in the alternative to transfer the action to the Central District of California. But it was not the attorney, Mr. Selivra, who filed the motion. Rather, it was again API's principal, Mr. Vasquez, filing pro se on behalf of the corporation.

Citing the well-settled rules that non-lawyers cannot represent a corporation pro se and that pro se parties cannot represent others, Salud sought to have the filings submitted by Mr. Vasquez struck. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008); *see also Scandia Down Corp. V. Euroquilt, Inc.*, 1423, 1427; 28 U.S.C. § 1654. Salud further moved for entry of judgment against API on the rationale that since no filings had been properly entered, API was effectively in default. I granted the motions to strike and the default judgment on March 17,

---

[1] That agreement lasted for some time but is itself now the subject of some dispute.

2010. I later granted an injunction against API barring it from certain conduct related to the subject matter of the case. That injunction order was signed on May 20, 2010.

On May 24, 2010, a new attorney, Douglas Cannon, entered a special and limited appearance on behalf of API seeking to have the default vacated. A round of briefing ensued, culminating in my order of September 2, 2010, granting the vacatur of default but finding API to have been in contempt of court for violations of the injunction from May 20th through September 2nd, the date of the vacatur.

As part of the default motion, API argued that while it conceded that Mr. Vasquez's February 23rd 12(b)(2) motion was improperly filed by a non-attorney, the motion raised legitimate issues with respect to personal jurisdiction that should in the interests of justice be considered by the court. API neglected to explain, though, why Mr. Vasquez answered and counterclaimed back in October and why counsel for API met, conferred, and submitted a plan concerning discovery in the case - all before raising the personal jurisdiction defense.

I nevertheless invited a full round of briefing on the issue of personal jurisdiction in a September 2nd minute order. API therefore filed the 12(b)(2) motion considered here on October 12, 2010. A full round of briefing, including a sur-reply, concluded on November 23, 2010 with objections by API because Salud filed an allegedly overlong brief.[2] Salud asserts that API waived its personal jurisdiction defense through its conduct, or in the alternative that this court does have such jurisdiction.

---

[2]The brief in question is seven pages, despite my expressed preference that it be two-to-three pages. I regardless consider the brief in full.

## II. STANDARD OF REVIEW

Rule 12(b)(2) provides for the defense of "lack of personal jurisdiction" by motion. Fed. R. Civ. P. 12(b)(2). Such a motion "must be made before pleading if a responsive pleading is allowed." *Id.* Alternatively, the defense can be offered in the responsive pleading itself. *See* Fed. R. Civ. P. 12(h)(1).

Lack of personal jurisdiction is one of a block of defenses treated similarly under the Rules. *See* Fed. R. Civ. P. 12(b)(2)-(5). These defenses are "strictly for the convenience of the defendant" and so can be "waived or forfeited." *See American Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt.*, 364 F.3d 884 (7th Cir. 2004). Waiver or forfeiture can happen if the defense is not timely raised, by formal submission of the movant in the case, or by submission through conduct. *See Blockowicz v. Williams*, 2010 U.S. App. LEXIS 26229 (Dec. 27, 2010). The Seventh Circuit has described the types of conduct that can lead to waiver in the venue context (which is treated identically under Rule 12 for timeliness purposes) as follows:

> If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.

*American Patriot*, 364 F.3d at 887-88. (emphasis added). Put more succinctly, "[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists, LLC v. Anesthesia Assocs. of Houston Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010).

A plaintiff countering a defendant's 12(b)(2) motion need only make a prima facie showing of jurisdiction and all factual issues are resolved in favor of such a plaintiff. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

**III. DISCUSSION**

API has waived the defense of lack of personal jurisdiction because the sum total of their actions in this litigation constituted submission by conduct.

To be sure, there is no case directly on point with the somewhat bizarre posture in which this case stands. Never before, it seems, has a corporate defendant answered and counterclaimed improperly (because represented by a non-lawyer corporate officer), then been represented by counsel for purposes of planning discovery and filing that plan, only to have that lawyer disappear and have the corporation again submit filings pro se, this time disputing personal jurisdiction.

On the one hand, courts are essentially required to ignore the filings of a corporation when those filings are made by a non-lawyer. *See Nocula,* 520 F.3d at 725. As applied literally to the facts of this case, that means that no answer or counterclaim was ever filed and that therefore the 12(b)(2) motion on offer is in some sense a timely one (although made over a year after the filing of the complaint). But there is clearly more going on in this case that precludes me from simply ignoring API's previous filings and proceeding directly to the substance of the personal jurisdiction defense. And as Judge Posner said in *American Patriot*, "principles of waiver and equitable estoppel" can "come into play" in certain circumstances. *American Patriot*, 364 F.3d at 887-88. This is particularly the case when a defendant "by words or actions misleads the plaintiff" into thinking he is willing to meet the merits of the litigation in the plaintiff's

chosen forum. *Id.* It can also be the case when that defendant "stalls...because he wants to find out which way the wind is blowing" in the overall litigation. *Id.*

I think the facts of this case call many of the *American Patriot* concerns to mind. First, there was the filing of the answer and counterclaim with no mention of jurisdictional deficiencies. Standing alone, those filings would not have the effect of waiver because they were made by a non-lawyer. I could not consider them, and Plaintiff could not have "reasonably expected" - at least not yet - that the targeted corporation would "defend the suit on the merits." *Mobile Anesthesiologists, LLC,* 623 F.3d at 443. But then API did have counsel participate in the Rule 26(f) planning conference, and in fact that counsel jointly submitted the report of the planning conference. Though he had yet to file a formal appearance, he apparently made off-the-record assurances to counsel for Salud that he would do so shortly, with no hint that such appearance would be to challenge personal jurisdiction. What happened next further calls the *American Patriot* issues to mind. Salud and the non-API defendants reached settlement with API sitting on the sidelines. Nothing looks more like "stall(ing)" to "find out which way the wind is blowing" like waiting to analyze the deal struck between your adversary and your co-defendants in a lawsuit. *American Patriot*, 364 F.3d at 887-88. That settlement was announced on January 14, 2010, and it was more than one month after that - on February 23, 2010 - when personal jurisdiction was first injected into the case via Mr. Vasquez's defective 12(b)(2) motion. The point here is not the legal content of the filings and of API's conduct, rather it is their effect on Salud. By the time that the flawed 12(b)(2) was filed, Salud had built up a "reasonable expectation" that API would defend the suit in Illinois. *See Mobile Anesthesiologists, LLC,* 623 F.3d at 443.

As a final point, in response to Salud's waiver argument, API counters that I have effectively determined API not to have waived the personal jurisdiction defense. Their basis for saying so is a minute order I issued on September 2, 2010, in which I stated that "[API] does seem to raise important jurisdictional matters that should in my opinion be examined on the merits." API takes that statement for far too much. The precise context of the statement was whether I would allow any briefing on the issue of personal jurisdiction at all, based on Salud's contention that API violated Local Rule 5.3(b) by not providing presentment dates in noticing its motions for dismissal. What I was saying was that API's violations of Local Rule 5.3(b) were mere foot faults that I would not hold against them for purposes of filing and briefing the motion to dismiss. I was not ruling on the more substantial issue of waiver by conduct. Now, having heard Salud's waiver by conduct argument (as opposed to waiver by violation of a local filing rule), I am persuaded by Salud.

## IV. BACKGROUND

Defendant API's motion to dismiss for lack of personal jurisdiction is DENIED. Plaintiff's alternative motion to conduct discovery on the issue of jurisdiction is DENIED AS MOOT.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: January 27, 2011